UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LA BELLE MAISON
ASSOCIATES, LLC, *et al.*

VERSUS

AMRISC LP, *et al.*

CIVIL ACTION

NO. 23-6440

SECTION M (5)

## ORDER & REASONS

Before the Court are three motions: (1) a motion to compel arbitration and stay proceedings filed by defendants Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-38859-07 ("Lloyd's Underwriters"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, the "Defendant Insurers");[1] (2) a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim filed by defendant Amrisc, LLC ("Amrisc");[2] and (3) a Rule 12(b)(6) motion to dismiss filed by defendant Sedgwick Claims Management Services, Inc. ("Sedgwick").[3] All three motions are set for submission on November 16, 2023.[4] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance November 8, 2023. Plaintiffs La Belle Maison Associates, LLC, Bou Mikael Enterprises Inc.,

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 14.
[4] R. Docs. 7-5; 8-2; 14-3.

Sami Bou Mikael, and Marta Bou Mikael (collectively, "Plaintiffs"), who are represented by counsel, did not file an opposition to any of the motions. Accordingly, because the motions are unopposed and appear to have merit,[5]

IT IS ORDERED that Amrisc's motion to dismiss (R. Doc. 8) is GRANTED, and Plaintiffs' claims against it are DISMISSED.

IT IS FURTHER ORDERED that Sedgwick's motion to dismiss (R. Doc. 14) is GRANTED, and Plaintiffs' claims against it are DISMISSED.

IT IS ORDERED that the Defendant Insurers' motion to compel arbitration and stay proceedings (R. Doc. 7) is GRANTED, and this matter is STAYED and ADMINISTRATIVELY CLOSED while the parties pursue arbitration. Any party may move to reopen these proceedings, if necessary, once arbitration is complete.

New Orleans, Louisiana, this 9th day of November, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] This case involves an insurance coverage dispute. Plaintiffs filed this suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking to recover on a property insurance policy for damages caused by Hurricane Ida. R. Doc. 3-1. Lloyd's Underwriters and HDI removed the case to this Court asserting federal question subject-matter jurisdiction because the policy at issue contains an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). R. Doc. 3. Amrisc (a managing general agent) and Sedgwick (an adjustor) both move to dismiss, arguing that they are not insurance companies and Plaintiffs have not stated any claims against them. Because Plaintiffs do not oppose these motions and have not demonstrated that they have valid claims against Amrisc and Sedgwick, the motions to dismiss are granted. The Insurer Defendants move to compel arbitration and stay the proceedings under the Convention because the policy at issue contains an arbitration clause requiring all claims to be arbitrated in New York. R. Doc. 7-1. This Court has granted similar motions in other cases raising the same points asserted by Defendant Insurers here. *See Maxwell Heirsch, Inc. v. Velocity Risk Underwriters, LLC*, 2023 WL 4763104 (E.D. La. July 26, 2023); *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 4235565 (E.D. La. June 28, 2023); *Ashi Houma Hotels, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 2263822 (E.D. La. Feb. 28, 2023). The Court sees no reason not to follow these prior opinions. Accordingly, the Defendant Insurers' motion to compel arbitration and stay proceedings is granted.