UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LA BELLE MAISON                                                      CIVIL ACTION
ASSOCIATES, LLC, *et al.*

                                                                             NO. 23-6440
VERSUS

                                                                             SECTION M (5)
AMRISC, LP, *et al.*

## ORDER & REASONS

Before the Court is a motion for reconsideration filed by plaintiffs La Belle Maison Associates, LLC, Bou Mikael Enterprises, Inc., Sami Bou-Mikael, and Marta Bou-Mikael (collectively, "Plaintiffs").[1] Defendants Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-38859-07 ("Lloyd's Underwriters"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, the "Insurer Defendants");[2] Amrisc, LLC ("Amrisc");[3] and Sedgwick Claims Management Services, Inc. ("Sedgwick") respond in opposition.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

---

[1] R. Doc. 16 (citing R. Doc. 15). Plaintiffs styled their motion as one for relief from judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, but because the order complained of was interlocutory and no final judgment was entered, the Court will treat the motion as one for reconsideration of the order.

[2] R. Doc. 27.
[3] R. Doc. 29.
[4] R. Doc. 23.

I.       BACKGROUND

This case involves an insurance coverage dispute. Plaintiffs filed this suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking to recover on a property insurance policy for damages caused by Hurricane Ida.[5] Lloyd's Underwriters and HDI removed the case, asserting federal question subject-matter jurisdiction because the policy at issue contains an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38.[6] *See* 9 U.S.C. §§ 203- 205.

After removal, Amrisc (a managing general agent) and Sedgwick (an adjustor) both moved to dismiss, arguing that they are not insurance companies and Plaintiffs did not state any claims against them because they cannot be held liable either for breaching the policy or under Louisiana's bad-faith statutes, La. R.S. 22:1973 and 22:1892.[7] Sedgwick further argued that Plaintiffs did not adequately allege fraud.[8] The Insurer Defendants moved to compel arbitration and stay the proceedings under the Convention because the policy at issue contains an arbitration clause requiring all claims to be arbitrated in New York.[9]

All three motions were set for submission on November 16, 2023.[10] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance November 8, 2023. Plaintiffs, who are represented by counsel, did not timely file an opposition to any of the motions. On November 9, 2023, because Plaintiffs did

---

[5] R. Doc. 3-1.
[6] R. Doc. 3.
[7] R. Docs. 8; 14.
[8] R. Doc. 14-1.
[9] R. Doc. 7.
[10] R. Docs. 7-5; 8-2; 14-3.

2

not file opposition memoranda by the appointed date and upon finding that the motions had merit, this Court granted all three motions as unopposed, dismissing Plaintiffs' claims against Amrisc and Sedgwick as alleged in the operative complaint,[11] and staying Plaintiffs' claims against the Insurer Defendants pending arbitration.[12]

## II.   PENDING MOTION

Plaintiffs seek reconsideration of the Court's November 9 Order & Reasons, arguing that "a combination of unfortunate clerical and personal issues" resulted in Plaintiffs' counsel being unaware of the pending motions and unable to file oppositions timely.[13]  Specifically, Plaintiffs argue that their "trial" counsel, Khalil Bou-Mikael and Thea Crane, were not admitted to practice in this Court when the case was first removed and they relied on co-counsel, Bruce Feingerts, for assistance.[14]  According to Plaintiffs, Feingerts is medically prohibited from actively litigating cases.[15]  Bou-Mikael and Crane, who were admitted to practice in this Court on November 1, 2023, claim that they were unaware of the noticed submission dates for the pending motions.[16]  Relying on the Federal Rules of Civil Procedure, rather than the relevant notices of submission and Local Rules, Plaintiffs' counsel represent that they believed the opposition deadlines for the motions to be November 13, 2023.[17]  Plaintiffs also cite various personal issues faced by Crane as an excuse for not timely opposing the motions.[18]

---

[11] The Court found that Plaintiffs' operative complaint did not state any viable claims against Amrisc or Sedgwick. R. Doc. 15.
[12] This Court determined that there was no reason to deviate from its past opinions granting similar motions in other cases that raised the same points asserted by the Insurer Defendants here. *Id.* (citing *Maxwell Heirsch, Inc. v. Velocity Risk Underwriters, LLC*, 2023 WL 4763104 (E.D. La. July 26, 2023); *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 4235565 (E.D. La. June 28, 2023); and *Ashi Houma Hotels, LLC v. Indep. Specialty Ins. Co.*, 2023 WL 2263822 (E.D. La. Feb. 28, 2023)).
[13] R. Doc. 16.
[14] R. Doc. 16-1 at 6-8.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 5-6.
[18] *Id.* at 8.

Then, on November 13 and 14, 2023, without seeking leave of Court, Plaintiffs filed memoranda in opposition to the three motions the Court had already granted as unopposed on November 9.[19] In their late-filed opposition to the Insurer Defendants' motion to compel arbitration, Plaintiffs argue that the arbitration clause is unenforceable because it is not signed by both parties and is adhesionary.[20] Alternatively, Plaintiffs argue that, if the Court determines the arbitration clause is enforceable, it should order the arbitrators to apply Louisiana law.[21] In their late-filed oppositions to Amrisc's and Sedgwick's motions to dismiss, Plaintiffs argue that they asserted claims against Amrisc and Sedgwick for their negligence as claims manager and adjustor, respectively, and for their alleged intentional misrepresentations.[22] Plaintiffs argue in the alternative that they should be afforded the opportunity to amend their complaint to properly allege such claims.[23]

In opposition, the Insurer Defendants, Sedgwick, and Amrisc argue that Plaintiffs were not prevented from filing timely oppositions, but rather failed to monitor the court filings and abide by the Local Rules.[24] The defendants point out that, when Bou-Mikael and Crane were added to the Court's electronic filing system, the motions were already filed and they could, and should, have reviewed the docket and Local Rules to ascertain the correct opposition deadline.[25] They further argue that Crane's personal issues are irrelevant because the two other Plaintiffs' attorneys enrolled in this case could have filed opposition memoranda.[26]

---

[19] R. Docs. 18; 21; 22. Insurer Defendants and Amrisc filed replies in support of their respective motions. R. Docs. 30; 33.
[20] R. Doc. 18 at 1-18.
[21] *Id.* at 18-23.
[22] R. Docs. 21; 22.
[23] *Id.*; R. Doc. 24.
[24] R. Docs. 23; 27; 29.
[25] R. Docs. 23 at 2; 27 at 2; 29 at 3-6.
[26] R. Docs. 23 at 2; 27 at 4; 29 at 5.

As to the merits of the original motion to compel arbitration, the Insurer Defendants point out that this Court has already ruled on the legal arguments raised by Plaintiffs in opposition to arbitration, compelling arbitration in all of the prior cases.[27] Indeed, the Insurer Defendants contend that Plaintiffs "lifted [their arguments], often *verbatim*, from oppositions filed" in those other cases.[28] As to the merits of the original motions to dismiss, Sedgwick, citing the same cases it did in its motion – namely, *Bellina v. Liberty Mutual Insurance Co.*, 2020 WL 1689825 (E.D. La. Apr. 7, 2020) (holding that, absent fraud, an insurance adjustor generally owes no duty to an insured in adjusting a claim), *Goux Enterprises v. Indian Harbor Insurance Co.*, 2023 WL 2955305 (E.D. La. Apr. 14, 2023 (same), and *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 (E.D. La. Dec. 18, 1997) (collecting cases stating that "Louisiana courts have consistently held that, as a general rule, there is no duty on the part of an insurance adjustor to advise a claimant of the proper prescriptive period") – argues that reconsideration is not warranted since Plaintiffs have not shown that they alleged a viable claim against Sedgwick because, under Louisiana law, an independent insurance adjustor does not owe a duty to an insured to conduct a proper investigation.[29] Further, Amrisc argues that the insurance policy states that it is a managing general agent and has no liability under the policy, so it can have no liability under Louisiana's bad-faith insurance adjustment statutes.[30]

### III. LAW & ANALYSIS

Plaintiffs seek reconsideration of an interlocutory order. Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure. Under

---

[27] R. Doc. 27 at 5 (citing *Thumbs Up Race Six, LLC*, 2023 WL 4235565, and *Ashi Houma Hotels, LLC.*, 2023 WL 2263822).
[28] *Id.* at 5 (emphasis in original); *see also* R. Doc. 30 (the Insurer Defendants' reply in support of its motion to compel arbitration, which more specifically outlines the noted similarities).
[29] R. Doc. 23 at 2-3.
[30] R. Doc. 29 at 6-7.

5

that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted).  Rule 54(b) "'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)) (internal quotation marks omitted).  However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays.  *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (observing that if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis, alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

Plaintiffs failed to timely oppose the motions filed by the Insurer Defendants, Amrisc, and Sedgwick.  Although the motions were unopposed, the Court took pains to consider the merits before granting them, as noted in the November 9 Order & Reasons.[31]  Nevertheless, even if the

---

[31] R. Doc. 15.

Court were to consider the Plaintiffs' late-filed opposition memoranda, the arguments they present do not warrant reconsideration of the Court's previous order.

Concerning the Insurer Defendants, this Court, in previous cases, has dealt with the same arguments urged here – namely, whether the arbitration clause is unenforceable as unsigned or adhesionary and whether it should order that Louisiana law apply at arbitration – and concluded that those arguments lack merit. *See Maxwell Heirsch, Inc.*, 2023 WL 4763104, at *3-4 (following Fifth Circuit precedent and rejecting plaintiff's argument that the insurance contract containing the arbitral clause must be signed by both parties); *Thumbs Up Race Six, LLC*, 2023 WL 4235565, at *3 (rejecting plaintiff's argument that an insurance policy with an arbitral clause was adhesionary); *Ashi Houma Hotels, LLC*, 2023 WL 2263822, at *3-4 (following Fifth Circuit precedent and rejecting plaintiff's argument that the insurance contract containing the arbitral clause must be signed by both parties and denying plaintiff's request to order that Louisiana law apply in arbitration). The Court sees no reason to deviate from the holdings in those cases now, and reconsideration is denied as to the Insurer Defendants's motion to compel arbitration.

Concerning Amrisc and Sedgwick, this Court held on November 9 that Plaintiffs' operative complaint did not state breach-of-contract or bad-faith claims against these parties because they are not insurers and not subject to such causes of action.[32] Nothing in Plaintiffs' late-filed opposition memoranda changes that ruling. However, Plaintiffs have sought leave to file an amended complaint to attempt to assert other claims against Amrisc and Sedgwick arising out of their respective roles as a managing general agent and claims adjustor with respect to this same transaction or occurrence. In an effort to do substantial justice, the Court will lift the stay in this case as to Amrisc and Sedgwick to afford the Plaintiffs the opportunity to pursue their opposed

---

[32] *Id.*

motion for leave to file an amended complaint.[33] The Court does not and will not pass on the sufficiency of that motion or the proposed amended complaint at this juncture, but will consider it in due course after full briefing by the affected parties addressing the issues raised by the proposed amendment.

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for reconsideration (R. Doc. 16) is DENIED as to the Insurer Defendants' motion to compel arbitration.

IT IS FURTHER ORDERED that the motion is DENIED as to the claims alleged in the operative complaint against Sedgwick and Amrisc.

IT IS FURTHER ORDERED that the STAY IS LIFTED for the limited purpose of allowing full briefing and consideration of Plaintiffs' opposed motion for leave to file an amended complaint (R. Doc. 24) to attempt to allege claims against Sedgwick and Amrisc.

New Orleans, Louisiana, this 30th day of November, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[33] R. Doc. 24.